UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERRY MILLER, | ) | CASE NO. 5:07 CV 2222 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | MEMORANDUM OF OPINION |
| DEBRA NITZSCHE, et al., | ) ) ) | AND ORDER |
| Defendants. | ) | |

Pro se plaintiff Terry Miller filed the above-captioned in forma pauperis action alleging that defendants Debra Nitzsche and the Industrial Commission of Ohio (ICO) violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e. He seeks monetary damages and an order from this court reopening all dismissed workers' compensation claims filed by Ohio firefighters.

*Relevant Facts*

Mr. Miller claims that on July 24, 2001, ICO District Hearing Officer Debra Nitzsche granted a claim for workers compensation benefits filed by Stephen Derring, a retired firefighter. He alleges that Ms. Nitzsche's decision "violated established rules of evidence" which the Ohio Bureau required from any injured worker seeking approval of a compensation claim. Unlike other cases wherein a claim would be denied based on a lack of support, in Mr. Derring's

case, none of the requisite documentation regarding "specific times and dates of injury [were] demanded" of the claimant. Moreover, during Mr. Derring's claims hearing he allegedly stated that "over a period of 8 1/2 years working as a fire fighter, he didn't know who or when he was exposed to HIV/AIDS virus." (Compl.at 2.) It is Mr. Miller's contention that Ms. Nitzsche's decision to allegedly grant Mr. Derring's claim without sufficient support was an act of fraud against the tax payers of Ohio and discriminated against all of the injured workers in Ohio who had claims denied because of a lack of evidence.

In his prayer for relief, Mr. Miller requests that his claim, which was denied on January 10, 1995, be granted and that he receive wage loss benefits, a revision of the Industrial Commission's procedures and the reopening of all Ohio fire fighter claims that were denied based on a lack of evidence.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

*No Plausible Title VII Claim*

The Supreme Court has clarified that, at the pleading stage, a plaintiff is not required to allege facts to support a prima facie case of discrimination. Swierkiewicz v. Sorema, 534 U.S. 506, 508 (2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas [ v. Green, 411 U.S. 792 (1973)] framework). This holding did not, however, eliminate the basic tenets of notice pleading.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a). Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief. See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")

The Supreme Court recently clarified the scope of Swierkiewicz when it stated that a claimant must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, __U.S.__, 127 S.Ct. 1955, 1974 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957). The Bell court then held that where "the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Bell at

1974.  On its face, Mr. Miller's complaint has failed to cross the line to a state of plausibility.

It is well-settled that Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  While the statute affords protection for a broad class of individuals, that class does not extend to individuals seeking protection for allegedly disparate treatment in the review of a worker's compensation claim.  There is no allegation that Mr. Miller falls within any class of individuals which Title VII protects or that the defendants discriminated against him based on his status in any protected class.  His complaint must therefore be dismissed.

Based on the foregoing, Mr. Miller's Application to Proceed In Forma Pauperis is **granted** and this action is **dismissed** pursuant to 28 U.S.C. § 1915(e).  An appeal from this dismissal could not be taken in good faith.[2]

IT IS SO ORDERED.


Date:  October 24, 2007                                     s/John R. Adams
                                                            JOHN R. ADAMS
                                                            UNITED STATES DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."